IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JEFFERY S. COWGILL                                                                                       PLAINTIFF
ADC #145476

v.                                          4:24-cv-01050-BRW-JJV

ROBERT PIERCE,
Deputy Warden, ADC, *et al.*                                                                   DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.   DISCUSSION

Jeffery S. Cowgill ("Plaintiff") is a prisoner in the Cummins Unit of the Arkansas Division of Correction who has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 2.) The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* When conducting this review, the court construes *pro se* pleadings liberally. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015). But

1

"labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Instead, the complaint must provide "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.*

Plaintiff says that, on September 7, 2024, inmate Eason verbally assaulted him, by using "antisemitic slurs," as Plaintiff was returning from "insulin call." (Doc. 2 at 5-6.) Plaintiff believes the verbal assault would not have occurred if:  (1) Defendants Pierce, Young, and Magee had conducted insulin call on time, instead of an hour and a half late; and (2) Defendant Glasper had properly secured the door to 11B barracks.  (*Id*.)  And Plaintiff says that, after the incident, Defendant Johnson wrongfully failed to issue disciplinary charges against Eason because the attack was verbal, rather than physical, even though verbal assaults are a violation of ADC rules. (*Id*.)  As relief, Plaintiff seeks monetary damages from Defendants in their personal capacities. After careful consideration, I conclude Plaintiff has failed to plead a plausible claim for relief for the following reasons.

Although prison officials have an Eighth Amendment obligation to "take reasonable measures to guarantee inmate safety," they are not liable "every time one inmate attacks another." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018); *Young v. Selk*, 508 F.3d 868, 871 (8th Cir. 2007).  Thus, to plead a plausible failure to protect claim, a complaint must contain facts suggesting: (1) objectively, there was a substantial risk of serious harm; and (2) subjectively, each of the defendants knew of, but deliberately disregarded, that substantial risk of serious harm. *See Axelson v. Watson*, 999 F.3d 541, 546 (8th Cir. 2021); *Blair v. Bowersox,* 929 F.3d 981, 987 (8th Cir. 2019).  Plaintiff's allegation that Eason verbally assaulted him, on one occasion, by using racial hostile language, while certainly offensive, does not rise to the level of an objectively serious

risk of harm. *See Schoelch v. Mitchell*, 625 F.3d 1041, 1047 (8th Cir. 2010) (no objectively serious harm when a prison was "yelled at" and "pushed" by another prisoner); *Glaze v. Byrd*, 721 F.3d 528, 531 (8th Cir. 2013) ("threats between inmates are common"); *Patterson,* 902 F.3d at 845 (no § 1983 liability for failing to prevent a surprise attack). Similarly, Plaintiff's assertion that the incident occurred because Defendants failed to timely conduct insulin call and properly secure the door amount to negligence, or at most gross negligence, which falls short of deliberate indifference. *See Pagels v. Morrison,* 335 F.3d 736, 740 (8th Cir. 2003) (negligence, and even gross negligence, are insufficient to establish a failure to protect claim); *Vandevender v. Sass*, 970 F.3d 972, 975 (8th Cir. 2020) (to constitute deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). Finally, Plaintiff's request for damages fails because he does not say he suffered any injuries. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (because "a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation"). For these reasons, I conclude Plaintiff has not pled a plausible failure to protect claim.

Additionally, to the extent Plaintiff may be trying to raise a constitutional claim against Defendant Johnson for failing to bring disciplinary charges against Eason, it is well settled that prisoners do not have a due process right to enforce compliance within internal prison rules and policies. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997). Accordingly, I also conclude Plaintiff has failed to plead a plausible due process claim.

## II.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that;

1.	The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2.	The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).

3.	The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 9th day of December 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE